**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Austin Ray Cantrell, | |
| *Plaintiff*, | |
| v. | Case No. 3:23-cv-50379 |
| Shannie Ennis and DeKalb County Sheriff's Office, | Honorable Michael F. Iasparro |
| *Defendants*. | |

**MEMORANDUM OPINION AND ORDER**

Defendant DeKalb County Sheriff's Office has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons stated below, Defendant's motion to dismiss [60] is denied.

**BACKGROUND**

On March 7, 2025, Plaintiff Austin Ray Cantrell filed the operative First Amended Complaint alleging a Fourteenth Amendment deliberate indifference claim against Defendant Nurse Shannie Ennis and a *Monell* claim against Defendant DeKalb County Sheriff's Office. Dkt. 52. The following factual allegations are taken from Plaintiff's First Amended Complaint, Dkt. 52, and are accepted as true for purposes of the motion to dismiss. *See Gociman v. Loyola Univ. of Chicago*, 41 F.4th 873, 881 (7th Cir. 2022).

Plaintiff's claims arise out of the medical care and treatment he received while a pretrial detainee at the DeKalb County Jail. In November 2022, Plaintiff was arrested and detained at the DeKalb County Jail. Plaintiff, who suffers from a debilitating spine disease called Ankylosing

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). Dkts. 44; 77.

Spondylitis, alleges that he received constitutionally inadequate medical care from November 2022 through June 2023. During this period, Plaintiff repeatedly complained of severe gastrointestinal symptoms, including stomach pain, anal discomfort, and bowel movement issues, as well as an inability to eat and chest pain, all of which aggravated his spine disease. Plaintiff alleges that Defendant Ennis denied him adequate medical care by dismissing his concerns, providing inadequate treatment, and refusing to refer him to a doctor despite his continued complaints.

Plaintiff filed multiple grievances regarding his medical care and worsening pain. However, Plaintiff states that these grievances were responded to by a deputy at the DeKalb County Jail instead of being investigated by a supervisor, the Medical Director, or a Lieutenant as required by the DeKalb County Sheriff's Office's policy on grievances related to medical care. Plaintiff alleges that Defendant DeKalb County Sheriff's Office "was aware that inmate grievances concerning medical care were routinely ignored" and that as "a direct and proximate result of Defendant DeKalb County Sheriff's Office's failure to implement its grievance policies, Plaintiff suffered unnecessary pain and a delay in receiving appropriate medical care." Am. Compl. ¶¶ 40, 43, Dkt. 52. Plaintiff further alleges that the "failure to implement the grievance policy amounted to deliberate indifference to inmates' constitutional rights and led to a pattern of inadequate medical care and denial of access to necessary treatment." *Id.* ¶ 42. Accordingly, Plaintiff seeks to impose *Monell* liability on Defendant DeKalb County Sheriff's Office for maintaining "an official policy and/or a widespread practice of failing to implement its grievance policy regarding inmate medical care complaints." *Id.* ¶ 37.

Before the Court is Defendant DeKalb County Sheriff's Office's motion to dismiss the *Monell* claim against it for failure to state a claim upon which relief may be granted pursuant to

Federal Rule of Civil Procedure 12(b)(6). Dkt. 60. Plaintiff filed a response, and Defendant filed a reply. Dkts. 62, 68.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When ruling on a motion to dismiss, the court accepts all well-pled facts alleged in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Gociman*, 41 F.4th at 881. "The bar to survive a motion to dismiss is not high." *Id*. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge [that] recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks and citation omitted). "Dismissal is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 521 (7th Cir. 2003) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## DISCUSSION

Defendant seeks dismissal of the *Monell* claim against it, arguing that Plaintiff has not pled sufficient facts to establish: (1) a widespread practice at the DeKalb County Sheriff's Office not to follow its own grievance policies regarding detainee medical care complaints; and (2) that this widespread practice was the direct cause or moving force behind the violation of Plaintiff's

constitutional rights.[2]

Under *Monell v. Department of Social Services*, 436 U.S. 658, 698 (1978), a governmental entity may be liable for a deprivation of an individual's constitutional rights that result from an official policy, custom, or practice. To state a *Monell* claim, a plaintiff must show: (1) he suffered a deprivation of a constitutional right, (2) as a result of an express policy, widespread custom, or deliberate act of a decision-maker with final policy-making authority, that was (3) the cause of his constitutional injury. *Carmona v. City of Chicago*, No. 15-CV-00462, 2018 WL 1468995, at *2 (N.D. Ill. Mar. 26, 2018) (citing *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017)). At this procedural posture, however, Plaintiff does not have to prove every element of his *Monell* claim. Instead, Plaintiff must merely allege a claim under the dictates of *Iqbal* and *Twombly*. *See White v. City of Chi.*, 829 F.3d 837, 844 (7th Cir. 2016) (stating that federal courts may not apply a "heightened pleading standard" to *Monell* claims).

Plaintiff alleges that his denial of constitutionally adequate medical care was caused by an official policy or a widespread practice of the DeKalb County Sheriff's Office not to follow its grievance policy and ignoring inmate medical grievances and the serious medical needs of detainees. Defendant argues that Plaintiff's conclusory allegations regarding his own personal

---

[2] The First Amended Complaint names as a defendant the "DeKalb County Sheriff's Office." Dkt. 52. The Court, sua sponte, raised the issue of whether the DeKalb County Sheriff's Office is a proper or suable defendant under 42 U.S.C. § 1983, and ordered the parties to submit position statements on the issue. Dkts. 78, 80, 81. Perhaps not surprisingly, Plaintiff and the DeKalb County Sheriff's Office took different positions on the issue. The more persuasive position, and the one consistent with sound precedent on the topic, is that of the DeKalb County Sheriff's Office, which is that the Sheriff's Office is not a proper or suable entity under Section 1983. *See Ulery v. DeLacy*, No. 20-CV-50477, 2025 WL 1079481, at *4 n.5 (N.D. Ill. Apr. 10, 2025); *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011); *Whiting v. Marathon Cnty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004). Despite this "fundamental problem" (*Ulery*, 2025 WL 1079481, at *4 n.5) not having been raised by the parties, the Court will construe the "DeKalb County Sheriff's Office" to mean the "DeKalb County Sheriff," and will order the substitution of the "DeKalb County Sheriff," in his official capacity, for the "DeKalb County Sheriff's Office" as the real party in interest. *See* Fed. R. Civ. P. 19(a)(1)(A), 21; *Teamsters Local Union No. 727 Health & Welfare Fund v. L & R Group of Cos.*, 844 F.3d 649, 652 (7th Cir. 2016) (substituting the proper defendant as the real party in interest under Rule 21).

experience in not receiving responses to his grievances is insufficient to show that a widespread practice existed to sustain a *Monell* claim.

Although no bright-line rule exists regarding the quantity, quality, or frequency of conduct needed to prove a widespread custom or practice under *Monell*, Plaintiff must show that there is "a true municipal [or corporate] policy at issue, not a random event." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021) (citations omitted). In determining whether a plaintiff has sufficiently pleaded a widespread-custom claim, courts examine "the circumstances surrounding the plaintiff's constitutional affront, and additional facts probative of a widespread custom." *Carmona*, 2018 WL 1468995, at *2 (collecting cases).

Looking at Plaintiff's First Amended Complaint as a whole, the Court finds that Plaintiff has alleged enough to infer a widespread practice of not following its grievance policy regarding detainee medical care complaints. Plaintiff alleges that between December 2022 and June 2023 he filed multiple grievances relating to the denial of adequate medical care, but none of his grievances were investigated by the Medical Director or the Lieutenant as required by Defendant's policy for medical grievances. These facts make it plausible that this was not an isolated incident. Plaintiff also alleges that Defendant's "failure to implement the grievance policy amounted to deliberate indifference to inmates' constitutional rights and led to a pattern of inadequate medical care and denial of access to necessary treatment." *Id.* ¶ 42. Plaintiff further alleges that Defendant "was aware that inmate grievances concerning medical care were routinely ignored." Am. Compl. ¶ 40, Dkt. 52. At this stage, Plaintiff "need only *allege* a pattern or practice, not put forth the full panoply of evidence from which a reasonable factfinder could conclude such a pattern exists." *Barwicks v. Dart*, No. 14-CV-8791, 2016 WL 3418570, at *4 (N.D. Ill. June 22, 2016) (emphasis in original). Given the allegations that grievances concerning medical care were routinely ignored and that

Defendant's failure to respond to medical grievances pursuant to its grievance policy resulted in Plaintiff's denial of access to adequate medical care, Plaintiff has plausibly alleged a systemic failure to address detainee medical needs to survive the motion to dismiss stage.

Defendant also argues that Plaintiff fails to allege any facts to show that its alleged practice regarding medical grievances was the direct cause or moving force behind Plaintiff's constitutional injury of not receiving adequate medical care.[3] Defendant argues that its alleged failure to implement its grievance policy for medical complaints "merely prevented Plaintiff from being able to exhaust his administrative remedies." Def.'s Reply at 3, Dkt. 68.

"[T]he Constitution does not require that jails or prisons provide a grievance procedure at all, nor does the existence of a grievance procedure create a constitutionally guaranteed right. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772–73 (7th Cir. 2008). The right at issue is instead a right to constitutionally adequate care." *Daniel v. Cook Cnty.*, 833 F.3d 728, 736 (7th Cir. 2016). As Plaintiff points out, it is not that he was prevented from exhausting his administrative remedies, but that ignoring his medical grievances left him without recourse to obtain the medical care he needed. *See, e.g., Daniel*, 833 F.3d at 737 ("[D]elays in responses to Daniel's grievances do not support an independent constitutional claim, but those delays may support Daniel's other evidence that systemic problems at the Jail caused

---

[3] Defendant also makes a conclusory argument that Plaintiff's claim must be dismissed because he failed to allege that any individual defendant employed by the DeKalb County Sheriff's Office violated his constitutional rights. It is true that "without an underlying constitutional or statutory violation, there can be no § 1983 liability." *Marvin v. Holcomb*, 72 F.4th 828, 833 (7th Cir. 2023). But Defendant provides no authority to support the argument that Plaintiff's deliberate indifference claim against Defendant Ennis, a nurse contracted to provide medical services at the DeKalb County Jail, is insufficient to support an underlying constitutional injury. *See M.G. Skinner & Assocs. Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority."); *see also Daniel v. Cook Cnty.*, 833 F.3d 728, 737 (7th Cir. 2016) ("[T]he constitutional duty under the Eighth and Fourteenth Amendments to provide adequate health care rests on the custodian. [ ] As the district court correctly noted, a government entity cannot shield itself from § 1983 liability by contracting out its duty to provide medical services.") (citation modified).

him to suffer injury as a result of official indifference.").

Plaintiff alleges that the DeKalb County Sheriff's Office routinely ignored inmate grievances concerning medical care. Therefore, despite complaining of Defendant Ennis failing to provide adequate medical care along with his worsening pain and symptoms through the grievance process, his medical grievances were ignored. Deliberate indifference to serious medical needs violates the Fourteenth Amendment rights of pretrial detainees, such as Plaintiff. *See Miranda v. Cty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018). Plaintiff has pled enough facts to allow the Court to infer that his denial of access to adequate medical care was the result of Defendant's widespread practice of failing to follow its own grievance policy and properly address medical grievances. Accordingly, Plaintiff has sufficiently pled a claim for *Monell* liability against Defendant.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is denied.

Entered: July 18, 2025                By: _____

                                        Michael F. Iasparro
                                        United States Magistrate Judge